UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLAYTON MCDERMITT, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:16-cv-00113-WTL-MJD |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Clayton McDermitt for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF16-02-0315. For the reasons explained in this Entry, McDermitt's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On February 4, 2016, Correctional Officer T. White wrote a Report of Conduct that charged McDermitt with Attempting an Unauthorized Financial Transaction. The Conduct Report states:

> On 2-4-2016 at approximately 1020 hrs. while listening to recorded calls, I heard the following conversation.
>
> On 2-3-2016 at approximately 1250 hrs Offender Clayton McDermitt DOC #157037 called 260 316 3549 from offender phone 17NA-2 on a prepaid call and was talking to a female. At approximately 0634 into conversation offender McDermitt said, "Listen 945." She replied, "Hold on." At approximately 0652 into call he stated "945 0394." She replied "Ok." At approx.. 0700 into call he said "That's[sic] cell phone number. Give her 100 gonna get it on commissary list she aint on my visit list she gonna figure how to put it on my books."

Dkt. 80-1 (Exhibit A).

Department of Correction rules establish limits on the sources of funds to inmates. Offenders may only receive funds from immediate family or friends who are on the offender's Visitors' List.

On February 17, 2016, McDermitt was notified of the disciplinary charge when he was served with the Conduct Report and the Notice of Disciplinary Hearing. McDermitt was notified of his rights, pleaded not guilty, and requested a lay advocate, who was provided. McDermitt did not request any witnesses or physical evidence.

The hearing officer conducted the disciplinary hearing in ISF16-02-0315 on February 19, 2016. McDermitt's comment was "just trying to get some Comm[issary]." The hearing officer found McDermitt guilty of the charge of Attempting an Unauthorized Financial Transaction. In making this determination, the hearing officer considered staff reports and McDermitt's statement, and evidence from witnesses. The reason for the decision was "H/O believes conduct report to be true and factual, finds preponderance of evidence." The sanctions included an earned credit time deprivation of 30 days, and imposition of suspended sanctions from a previous case, which were

a 90-day loss of earned credit time and demotion from Credit Class 1 to Credit Class 2. The hearing officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted/endangered the security of the facility.

McDermitt filed an appeal to the Facility Head on February 21, 2016. The Facility Head denied the appeal on March 8, 2016. McDermitt appealed to the Final Reviewing Authority, who denied his appeal by letter dated March 23, 2016. This petition for writ of habeas corpus followed.

**C. Analysis**

McDermitt brings a petition for habeas relief on the grounds that 1) the hearing officer did not conduct an investigation as required by DOC policy and procedures, and 2) DOC has not provided any way to tie up old business from family and friends. Noticeably absent is any argument or evidence which suggests that McDermitt was denied due process during the course of his disciplinary proceeding.

McDermitt's first ground for relief is that the hearing officer violated DOC policy by failing to conduct an investigation. This claim fails because violations of DOC policies are not cognizable in federal habeas corpus actions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for violations of U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997).

McDermitt's second ground for relief is also without merit. McDermitt claims that the DOC does not provide any way to tie up old business from family and friends. Here, McDermitt was subject to discipline because he attempted to engage in an unauthorized financial transaction with someone who was not on his Visitor's List. Department of Correction rules establish limits on the sources of funds to inmates. The only individuals from whom an offender may receive funds are immediate family or friends who are on the offender's Visitors' List. McDermitt's due process

3

rights were not violated in the application of this DOC policy to him during the disciplinary proceeding. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McDermitt to the relief he seeks. Accordingly, McDermitt's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CLAYTON MCDERMITT
157037
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel